IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SANDRA R.,

        **Plaintiff,**

  v.

COMMISSIONER OF
SOCIAL SECURITY,

        **Defendant.**

        **Civil Action 2:25-cv-01442**
        **Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

Plaintiff, Sandra R., brings this action under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  For the reasons set forth below, the Court **SUSTAINS** Plaintiff's Statement of Errors (Doc. 10), **REVERSES** the Commissioner of Social Security's nondisability finding, and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

## I.    BACKGROUND

Plaintiff filed her applications for DIB and SSI on January 3, 2023, alleging disability beginning April 8, 2018, due to fibromyalgia, bulging disc, back issues, leg pain bilateral, spondylolisthesis, asthma, and diabetes.  (R. at 226–40, 259).  After her applications were denied initially and on reconsideration, Administrative Law Judge Edward L. Brady (the "ALJ") held a telephone hearing on October 3, 2024.  (*Id.* at 47–70).  The ALJ denied benefits in a written decision on November 13, 2024.  (*Id.* at 22–46).  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  (*Id.* at 1–6).

Plaintiff filed the instant case seeking a review of the Commissioner's decision on December 9, 2025 (Doc. 1), and the Commissioner filed the administrative record on February 5, 2026. (Doc. 7). The matter has been briefed and is ripe for consideration. (Docs. 10, 12, 13).

The ALJ found that Plaintiff meets the insured status requirements through December 31, 2023. (R. at 27). The ALJ found that Plaintiff has not engaged in substantial gainful activity since April 18, 2018, her alleged onset date of disability. (*Id.*). The ALJ determined that Plaintiff suffered from the severe impairments of degenerative disc disease, fibromyalgia, degenerative joint disease of the bilateral knees, bilateral carpal tunnel syndrome, diabetes mellitus, asthma, obstructive sleep apnea, major depressive disorder, generalized anxiety disorder, panic disorder, and obesity. (*Id.* at 28). The ALJ, however, found that none of Plaintiff's impairments, either singly or in combination, meets or medically equal a listed impairment. (*Id.*).

As to Plaintiff's residual functional capacity ("RFC"), the ALJ opined:

> After careful consideration of the entire record [the ALJ] finds that [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with the following limitations: frequent handling fingering and feeling with occasional balance, stoop, kneel, crouch, crawl and climb without utilizing ladders, ropes or scaffolds with occasional exposure to extreme heat, humidity, cold, fumes, odors, dust, gases and poor ventilation with jobs involving only simple, routine, and repetitive tasks with no interaction with the public and frequent interaction with coworkers and supervisors and occasional changes to workplace routine and setting.

(*Id.* at 32).

Upon "careful consideration of the evidence," the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 33).

The ALJ further concluded that Plaintiff has no past relevant work. (*Id.* at 39). At Step Five, relying on the vocational expert's ("VE") testimony, the ALJ determined that considering

her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as a final assembler, table worker, or touch up screener.  (*Id.* at 39–40).  Consequently, the ALJ concluded that Plaintiff has not been disabled within the meaning of the Social Security Act, since April 8, 2018.  (*Id.* at 40).

## II.     STANDARD OF REVIEW

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards."  *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g).  "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court."  *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently."  *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

## III.    DISCUSSION

Plaintiff argues that the ALJ failed to properly consider or account for her difficulties in maintaining concentration, persistence, and pace either in her RFC or in posing hypotheticals to the VE.  (Docs. 10, 13).  The Commissioner responds that the ALJ did not err, but any error is

harmless considering the occupations that the ALJ found Plaintiff can perform.  (Doc. 12).  The Court agrees with Plaintiff that remand is appropriate.

A plaintiff's RFC "is defined as the most a [plaintiff] can still do despite the physical and mental limitations resulting from [her] impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a).  When determining the RFC, the ALJ must evaluate several factors, including medical evidence, medical opinions, and the plaintiff's testimony. *Henderson v. Comm'r of Soc. Sec.*, No. 1:08-cv-2080, 2010 WL 750222, at *2 (N.D. Ohio Mar. 2, 2010) (citing *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004)).  In doing so, the ALJ must resolve conflicts in the record.  *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984).  To that end, an ALJ "is only required to include in the residual functional capacity those limitations he finds credible and supported by the record." *Beckham v. Comm'r of Soc. Sec.*, No. 1:19-cv-576, 2020 WL 5035451, at *7 (S.D. Ohio Aug. 26, 2020) (quoting *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 170 (6th Cir. 2020)).  And an ALJ is not required to adopt a medical opinion verbatim. *See, e.g.*, *Poe*, 342 F. App'x at 157 ("Although the ALJ may not substitute his opinion for that of a physician, he is not required to recite the medical opinion of a physician verbatim in his residual functional capacity finding.").  Neither is an ALJ required to adopt an opinion in full merely because she finds it persuasive. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale.").

Still, "where an ALJ finds expert opinions to be persuasive, he may not decline to incorporate those opinions into an agency decision without explanation." *Jessica A. v. Comm'r of Soc. Sec.*, No. 3:24-CV-232, 2025 WL 689384, at *1 (S.D. Ohio Mar. 3, 2025) (citing *Wood v.*

4

*Comm'r. of Soc. Sec.*, No. 3:18-CV-76, 2019 WL 1614591, at \*3 (S.D. Ohio Apr. 16, 2019), *report and recommendation adopted*, No. 3:18-CV-76, 2019 WL 1958663 (S.D. Ohio May 2, 2019)); *see also Michelle B. v. Comm'r of Soc. Sec. Admin.*, No. 2:23-CV-4222, 2025 WL 296321, at \*5 (S.D. Ohio Jan. 24, 2025) (collecting cases); *Autumn S. v. Comm'r of Soc. Sec.*, No. 2:24−CV−03878, 2025 WL 782123, at \*6 (S.D. Ohio Mar. 12, 2025).  In the end, the ALJ's opinion—read as a whole—must build a logical bridge between the evidence and the ALJ's conclusions.  *Davis v. Comm'r of Soc. Sec.*, No. 2:19-CV-265, 2019 WL 5853389, at \*5 (S.D. Ohio Nov. 8, 2019), *report and recommendation adopted*, No. 2:19-CV-265, 2020 WL 1482318 (S.D. Ohio Mar. 27, 2020) (quoting *Waye v. Comm'r of Soc. Sec.*, No. 1:18-CV-201, 2019 WL 364258, at \*5 (S.D. Ohio Jan. 30, 2019), *report and recommendation adopted*, No. 1:18-CV-201, 2019 WL 718542 (S.D. Ohio Feb. 20, 2019)).

Against this backdrop, Plaintiff takes aim at the ALJ's treatment of the opinions of state agency psychological consultants Dr. Sylvia Chen, PhD., and Dr. Aracelis Rivera Castro, PhD. (*See* Doc. 10).  Dr. Chen evaluated Plaintiff's mental impairments as part of the initial determination on Plaintiff's claim in August 2023. (R. at 72–79).  Dr. Chen found moderate impairments in all the "B Criteria" areas of functioning, including in the area of concentrating, persisting, or maintaining pace. (*Id.* at 77).  When evaluating Plaintiff's mental RFC, Dr. Chen opined:

> [Plaintiff] retains the ability to understand, carry out and remember simple instructions, make simple work-related decisions, and has the ability to sustain concentration, attention, and pace sufficient enough for the completion of simple tasks for two-hour intervals over the course of a typical eight-hour workday. Given [Plaintiff's] residual symptoms and difficulty regulating emotions on a sustained basis, [Plaintiff] would function best in an environment that requires only occasional interactions with coworkers, supervisors, and the public in a familiar, low stress setting that has no significant changes in task expectations or require high production rate or pace.

(*Id.* at 83).  Dr. Rivera Castro affirmed Dr. Chen's conclusions on reconsideration some months later.  (*Id.* at 109–110).

> When considering Dr. Chen and Dr. Rivera Castro's opinions, the ALJ determined:
>
> The undersigned is partially persuaded by the prior administrative findings of the state agency psychological consultants who found [Plaintiff] limited to simple tasks in an environment that requires only occasional interactions with co-workers, supervisors, and the public in a familiar, low stress setting that has no significant changes in task expectations or require high production rate or pace (Exhibits 2A, 4A, 6A, and 8A). The [ALJ] is not persuaded by their finding that [Plaintiff] would be limited to occasional interaction with others because this is not adequately supported by a discussion of the evidence upon which it was based (Exhibits 2A, 4A, 6A, and 8A). In addition, limiting [Plaintiff] to occasional interaction with coworkers and supervisors is inconsistent with evidence which reflects that [Plaintiff] has less limitations such as her routine and conservative treatment with psychotropic medications prescribed by her primary care providers and her ability to maintain regular face-to-face contact with family, socialize with friends over the phone, go to church regularly, stay active with her church community (Exhibits 4F and 12F). Additionally, limiting [Plaintiff] to occasional interaction with the public is inconsistent with evidence which reflects that [Plaintiff] has greater limitations such as her statements concerning her difficulty going out in public to offices and stores; her complaints of occasional panic attacks; and her apprehensive and anxious demeanor during her consultative psychological evaluation (Exhibits 1F/2-4, 12F, and Hearing Testimony). However, the [ALJ] is persuaded by the remainder of their findings because they are supported by a discussion of the record and consistent with [Plaintiff]'s routine and conservative treatment, generally unremarkable mental status findings apart from a depressed or anxious mood or affect, and her reported activities of daily living (Exhibits 4F and 12F). For these reasons, the [ALJ] is partially persuaded by the prior administrative findings of the state agency psychological consultants.

(*Id.* at 37–38).  As noted above, the ALJ included in Plaintiff's RFC limitations to "simple, routine, and repetitive tasks with no interaction with the public and frequent interaction with coworkers and supervisors and occasional changes to workplace routine and setting."  (*Id.* at 32).

Plaintiff primarily argues that the ALJ's failure to include all of the consultants' opined limitations in either the hypotheticals posed to the VE or the RFC resulted in a decision unsupported by substantial evidence.  (Doc. 10 at 10–14).  In doing so, she relies on *Ealy v. Commissioner of Social Security*, where the Sixth Circuit found that a VE's testimony that the

6

plaintiff could work in a number of unskilled jobs did not constitute substantial evidence for the ALJ's conclusion because the hypothetical posed to the VE inadequately described the plaintiff's symptoms. 594 F.3d 504, 516–17 (6th Cir. 2010). In particular, the state psychological consultant opined the plaintiff could sustain attention to complete simple repetitive tasks in two-hour segments where speed was not critical. *Id.* at 516. In assessing the hearing testimony, the Sixth Circuit concluded that the ALJ accepted the assessment of the consultant but then reversibly "streamlined" the hypothetical to omit "these speed-and pace-based restrictions completely" such that the hypothetical did not accurately portray the plaintiff's mental impairment. *Id.* at 516–17. Plaintiff argues that is essentially what happened here: Drs. Chen and Rivera Castro opined Plaintiff had a moderate impairment in concentration, persistence, and pace; the doctors described related limitations; the ALJ at least partially credited the opinions; but the ALJ did not include some limitations either in his hypotheticals to the VE or in the RFC. (Doc. 10 at 10–14). Ultimately, though, the Court need not reach Plaintiff's arguments under *Ealy* and its progeny. The ALJ's opinion is fatally deficient for a much simpler reason: he failed to create a logical bridge between his analysis and his conclusion. (*See* Doc. 10 at 14–17).

As noted above, the ALJ acknowledged that Drs. Chen and Rivera Castro found Plaintiff is "limited to simple tasks in an environment that requires only occasional interactions with co-workers, supervisors, and the public in a familiar, low stress setting that has no significant changes in task expectations or require high production rate or pace." (R. at 37). The ALJ noted he was "partially persuaded" by the opinions. (*Id.*). In explaining his evaluation, the ALJ expressly highlighted what he was not persuaded by: the doctors' findings related to interactions with others, coworkers and supervisors, and the public. (*Id.*). He found those limitations not supported by the records the doctors reviewed and not consistent with other evidence. (*Id.*). He then stated he was

"persuaded by the reminder of [the consultants'] findings" because the findings were supported by and consistent with the record. (*Id.* at 37–38). Yet despite saying he was persuaded by it, the ALJ did not incorporate into Plaintiff's RFC any limitation related to "high production rate or pace." (*See id.* at 32). Nor did he provide an explanation for not doing so. The Court agrees with Plaintiff that this failure is a reversible error. *See, e.g.*, *Michelle B.*, 2025 WL 296321, at *5 ("[W]hen the ALJ finds a physician's opinion to be 'somewhat persuasive' and indicates that she has adopted the physician's opinions, she must incorporate the opined limitations or provide an explanation for declining to do so."); *Autumn S.*, 2025 WL 782123, at *6.

The Commissioner responds that the ALJ did not commit an error by omitting the reviewers' "equivocal" restriction against high production rate or pace. (Doc. 12 at 8; *see also* R. at 110 ("[Plaintiff] *would best function . . .* in a low stress setting that has no significant changes in task expectations or require high production rate or pace." (emphasis added)). But the case he relies on considers an ALJ's adjustment of an opined "possible" restriction into a concrete limitation when speaking to the vocational expert. *See Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555 (6th Cir. 2014) ("[W]hile the Baggs Report speaks in terms of possible restrictions— the claimant 'may' have or 'seems' to have problems—the ALJ sought to provide the vocational expert with more concrete information regarding Griffith's limitations. Thus, the distinction between the ALJ's language and the Baggs report is partially attributable to the need to provide the vocational expert with actionable guidance."). That circumstance is not the same as here, where the ALJ wholly omitted a limitation he stated he was persuaded by. (*See* R. at 37–38; *see also* R. at 67–74 (including no limitations related to high production or pace in the hypothetical to the vocational expert)). Additionally, the ALJ never mentioned the reviewers' equivocal language in his analysis. So, the Court is unable to accept the Commissioner's post hoc rationalization. *See,*

*e.g.*, *Williams v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-00235, 2021 WL 2456821, at *5 (S.D. Ohio June 16, 2021) (citing *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014)), *report and recommendation adopted*, No. 3:20-CV-235, 2021 WL 3035959 (S.D. Ohio July 19, 2021); *Salisbury v. Comm'r of Soc. Sec.*, No. 2:19-CV-5277, 2020 WL 5290536, at *7 (S.D. Ohio Sept. 4, 2020) (collecting cases), *report and recommendation adopted*, No. 2:19-CV-5277, 2021 WL 164256 (S.D. Ohio Jan. 19, 2021).

Finally, the Commissioner contends that the exclusion of a restriction against high production rate or pace is harmless. (Doc. 12 at 10–11). He argues the Dictionary of Occupational Titles ("DOT") does not specify that two of the three jobs the vocational expert identified—touch-up screener and final assembler—require "conveyor work or heightened production rate or pace requirements." (*Id.* (citing DOT Nos. 713.687-018, 726.684-110)). And even if inclusion of the relevant restriction eliminated the third job—table worker—there are "hundreds of thousands of jobs" still available for Plaintiff. (*Id.* (citing R. at 67–68 (vocational expert identifying 252,660 final assembler jobs and 579,740 touch-up screener jobs)). Yet the Court agrees with Plaintiff that this inquiry is best left to the VE. In particular, it is not clear on the face of the DOT entries what kind of production or pace conditions are required by the jobs titles identified. In other words, the ALJ's error is not clearly harmless.

At base, the exclusion of a high production or pace limitation with no explanation leaves Plaintiff guessing why the restriction—which the ALJ said was persuasive—was left out of her RFC. Because the ALJ failed to build a logical bridge between the evidence and his conclusion, the Court cannot meaningfully review his analysis. *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefore, on all the material issues of fact, law, or

9

discretion presented on the record.'" (citation omitted)); *Davis*, 2019 WL 5853389, at \*5. Remand is warranted to allow for proper consideration and explanation of Dr. Chen's and Dr. Rivera Castro's opinions. And on remand, the ALJ remains free to address Plaintiff's other alleged errors, if appropriate.

## IV.    CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff's Statement of Errors (Doc. 10) be **SUSTAINED** and the Court **REVERSES** the Commissioner's non-disability finding and **REMANDS** this case to the Commissioner and Administrative Law Judge under Sentence Four of § 405(g).

IT IS SO ORDERED.

Date: June 26, 2026                                   s/ *Kimberly A. Jolson*
                                                      KIMBERLY A. JOLSON
                                                      UNITED STATES MAGISTRATE JUDGE

10